WILLIAM W. MARBOURG, Respondent, v. J. V. BRINK-MAN ET AL., Appellants.

### Kansas City Court of Appeals, December 6, 1886.

BILLS OF EXCHANGE—PRESENTMENT FOR PAYMENT—WHERE DRAWN BY BANKERS—CASE ADJUDGED.—A distinction has been taken between cases where bills of exchange, or drafts, are drawn by bankers and others, as a mode of making profit, and exchanging them for money; and cases where such bills are drawn by private persons having no such reference to profits. In the *former* case the banker is understood to sanction the circulation and non-presentment by his course of business. But in the *latter* case the presentment ought to be within a short period. *Held*, that the rule as to bankers, above indicated, is applicable to the facts of this case.

APPEAL from Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Affirmed.*

The case is stated in the opinion.

LATHROP & SMITH, for the appellant :

I. The draft in suit is a bank check and not a bill of exchange. 2 Daniel on Negotiable Instruments, sect. 1566 ; *Bank v. Coates*, 3 McCrary, 9 ; *Veazie Bank v. Winn*, 40 Maine, 60.

II. The holder of a check should present it for payment within a reasonable time, and if the drawer sustained any loss or injury from the want of such presentment he will be discharged. 2 Daniel on Negotiable Instruments, sects. 1592, 4, 5 ; *St. John v. Homans*, 8 Mo. 382 ; *Chouteau v. Rouse*, 56 Mo. 65 ; *Purcell v. Alemong*, 22 Gratt. (Va.) 739 ; *Hoyt v. Seeley*, 18 Conn. 353. What is a reasonable time is a question of law, the facts being undisputed. *Mohawk Bank v. Broderick*, 10 Wend. (N. Y.) 304 ; *Gough v. Staats*, 13 Wend. 549.

III. A check is intended for payment and not for circulation. *Down v. Halling*, 4 B. & C. 692 ; *Rickford v. Rige*, 2 Camp. 537.

GAGE, LADD & SMALL, for the respondents.

I. The law excuses the delay at St. Joseph resulting from the death of Mr. Beattie. *White v. Stoddard*, 11 Gray (Mass.) 258 ; *Aymar v. Beery*, 7 Cowen (N. Y.) 705 ; Story on Bills (2 Ed.) sects. 234, 308 and 327 ; 1 Parsons on Notes & Bills (2 Ed.) 444 ; 2 Daniel on Negotiable Instruments (3 Ed.), sect. 1125, *et seq*.

II. The draft was presented for payment within a *reasonable time*. This is all the law requires, provided the paper is kept in circulation ; and what is reasonable time depends on circumstances, including the usage of the country, in the light of which all the parties to the paper are presumed to have contracted. *Montelius v. Charles*, 76 Ill. 303 ; *School District v. Commonwealth*, 84 Pa. St. 464 ; *Nichols v. Blackmore*, 27 Texas, 586 ; *Fugitt v. Nelson*, 44 Mo. 295 ; *Linville v. Welch*, 29 Mo. 203 ; *Salisbury v. Renick*, 44 Mo. 554 ; *Robinson v. Ames*, 20 Johnson (N. Y.) 147 ; Story on Bills (2 Ed.)

sect. 231 ; 2 Edwards on Bills (3 Ed.) sect. 702 ; 1 Parsons on Notes & Bills (2 Ed.) 267 ; 1 Daniel on Negotiable Instruments (3 Ed.) sects. 466, 472 ; *Prescott Bk. v. Caverly*, 7 Gray (Mass.) 217.

HALL, J.—This was an action by the plaintiff, who. was the payee, upon a draft or check drawn by the defendants who were bankers at Great Bend, Kansas, upon. the. Mastin Bank of Kansas City, Missouri, their corres-. pondent at the last named place. The draft. was in the usual form and had been purchased of the defendants, for the plaintiff by his agent. The defence was laches in the presentment of the draft to the drawee for payment.

The sole question presented for our determination is, was the duty as to the presentment of the draft the same as that made by law in cases of ordinary bank checks, or was said duty the same as that in cases of bills. of exchange payable on demand? The court tried the case on the theory that the duty as to presentment was that existing in the latter class of cases.

The draft in this case was clearly a bank check and, not a bill of exchange.. 2 Daniel on Negotiable Instruments, sect. 1566 ; *Bank v. Coates*, 3 McCrary, 9. Had the instrument in suit been a bill of exchange drawn by the defendant on the Mastin Bank, payable on demand, it would according to the latter. authority (*supra*) have been a bank check ; and according to the authority first. cited it would have been closely assimilated to a bank check. Vol. 1, sect. 605.

In speaking of the presentment for payment of inland bills of exchange payable on demand, it is said by Story : " A distinction has been taken between cases, where such bills are drawn by bankers and others, as a mode of making profit and a source of livelihood, by. exchanging them for ready money, and cases where such bills are drawn by private persons, having no such reference to profits or means of livelihood, but merely for

. Vol. xxiii—33 .

their own accommodation, or that of the payee. In the former case it has been said, that the banker or other person is understood to sanction both the circulation and non-presentment by his course of business, and by the advantages of credit, which he thus obtains from such circulation and non-presentment of the bill; and, therefore, it is difficult to say what length of time, consistent with the free circulation of the bill, would be deemed unreasonable, in not presenting the bill to the drawee for payment. But, in the latter case, the presentment ought to be within a very short period, and, perhaps, ought to be limited to such a period, as would be reasonable, supposing the bill had not been put in circulation.

The distinction here alluded to may seem nice, but it turns upon the supposed intention and understanding of the parties, derived either from their own particular acts, or from the common course of business. And, certainly, upon the question of what is reasonable diligence, or not, in the presentment of a bill, the situation of the parties, the course of their business and the mode of negotiation, are not unfit to be considered, in determining as between themselves (whatever may be the case as to third persons), what may properly be deemed, according to their understanding, a reasonable time for presentment; for, if they should expressly agree, that the bill might be kept in circulation for an indefinite time, there would be no doubt that the drawer would be bound to pay the bill, notwithstanding there had been no presentment for payment thereof to the drawee until after a considerable lapse of time, and he had, in the intermediate time failed in business, and become insolvent. And, if such an express agreement would be a waiver of what would otherwise be deemed laches on the part of the payee or holder, an agreement of a like nature might be implied from the surrounding circumstances, with equal cogency and propriety." Story on Bills, sects. 472, 473.

The principle upon which this distinction is based would seem to apply with full force to a draft drawn by a bank upon another and distant bank, intended by the course of business to be circulated and not to be presented at once for payment.

And for this reason, it must be, that the courts have applied the rule governing the presentment of bills of exchange payable on demand to drafts drawn on distant banks, and that such decisions have been cited with approval in the leading text books on negotiable instruments. 1 Daniel on Negotiable Instruments, sect. 472; 2 Edwards on Bills, etc. (3 Ed.) sect. 762; *Banking Co. v. National Bank of Erie*, 63 Pa. St. 404; *Fugitt v. Nelson*, 44 Mo. 295; *Bull v. National Bank*, 14 Fed. Rep. 612. It is a part of the business and commercial history of the country that the various banks sell, for what is known as exchange, drafts upon their correspondent banks at distant business centers, which are intended to circulate as bills of exchange payable on demand circulate. That this is the fact, and that such is the usual business course of banks in the locality of the defendant's bank with relation to their correspondents at Kansas City, was abundantly shown by the evidence.

We hold that as to the *drawers* of the draft such presentment for payment only was required of the payee and the subsequent holders as is required in the case of a bill of exchange, payable on demand, under like circumstances. The court tried the case in accordance with this view of the law.

Judgment affirmed. All concur.