## A. J. Oosterbeek Motor Company, Inc., Appellant, v. Thomas P. Joy, Appellee.

### Gen. No. 35,775.

Heard in the third division of this court for the first district at the February term, 1932. Opinion filed November 16, 1932.

BAKER, HOLDER, SCHMIDT & KOLB, for appellant.

No appearance for appellee.

Mr. Presiding Justice Wilson delivered the opinion of the court.

June 6, 1931, plaintiff sold to the defendant a Chevrolet car. The purchase price was $612.50. On the same day the defendant paid the plaintiff $12.50 in cash and a cashier's check for the sum of $600 in payment of the car. This check had been purchased by the defendant from the Auburn Park Trust and Savings Bank, located at 734 West 78th street in the City of Chicago. This transaction occurred in the afternoon of Saturday, between 3:30 and 3:45 p. m. This was after banking hours. The following Monday, which was June 8, 1931, plaintiff deposited said cashier's check in the Halsted Street State Bank located at 6910 South Halsted street, Chicago. The distance from plaintiff's place of business to the Halsted Street State Bank was approximately nine blocks and the distance from the plaintiff's place of business to the Auburn Park Trust and Savings Bank was approximately three and one-half blocks. At sometime between 10:00 a. m. and 10:30 a. m. on June 9, 1931, the Auburn Park Trust and Savings Bank was closed by the State auditor. The plaintiff carried its account and did business with the Halsted Street State Bank, and claims, and the record shows, that the deposit was made on Monday morning at the earliest opportunity with its bank for collection in the regular course of business; that this check cleared through the clearing house and was presented in turn to the Auburn Park Trust and Savings Bank at the earliest opportunity; that the plaintiff, having acted in the regular course of business, without delay, should not be held responsible for the nonpayment by that bank of the cashier's check in question and that the loss should be that of the defendant.

The cause was tried by the court without a jury, resulting in a finding of the court in favor of defendant. The court stated in arriving at his finding that

there had been a number of bank failures and that the court should take that fact into consideration in arriving at his opinion as to what constituted due diligence. The fact that there had been a number of bank failures in the City of Chicago does not change the existing rule of law that the plaintiff was only required to use due diligence in the presentation of the check. Under the facts as shown by the record, this was done by the plaintiff in depositing the check in its own bank for collection at the earliest opportunity. The circumstances may have been exceptional, but we are inclined to adhere to the rule. It is a well recognized fact that men in business are in the habit of depositing checks in banks with which they do business, for collection. In the case at bar, this was done on the Monday after the Saturday upon which it was received. The Negotiable Instruments Act provides that a reasonable time must be determined from (a) the nature of the instrument; (b) the usage of the trade or business with respect to such instruments; and (c) the facts of the particular case. Cahill's St. ch. 98, ¶ 215.

It has been held that the same degree of diligence was not required by the holder of a cashier's check as would be required of one holding an individual or ordinary check issued by the drawer on his own account. *Marbourg v. Brinkman*, 23 Mo. App. 511. The reason of this rule is obvious, viz., that the check of the bank is a better and safer risk than that of an individual.

We have not been aided in our consideration of this cause by briefs filed on behalf of the defendant. There is no controversy as to the facts.

For the reasons expressed in this opinion the judgment of the municipal court is reversed and judgment entered here for the plaintiff for the sum of $600.

*Judgment reversed and judgment here.*

HEBEL and HALL, JJ., concur.